UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

DEAN JAMES WALTER #484436,

        Petitioner,               Case No. 2:08-cv-134

v.                                       Honorable R. Allan Edgar

JEFF WOODS,

        Respondent.
_____/

**OPINION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is serving concurrent terms of 11 years, 3 months to 70 years and 15 to 70 years, imposed by the Berrien County Circuit Court on April 26, 2004, after Petitioner pleaded guilty to two cases of armed robbery, MICH. COMP. LAWS § 750.529. In his *pro se* petition, Petitioner raises three grounds for relief, as follows:

> I. The trial court abused its discretion in denying petitioner's motion for relief from judgment where his sentence is constitutionally invalid because the sentencing guideline range was improperly enhanced by the scoring of 50 points for offense variable 7, and 15 points for offense variable 8 based on facts not proven by a jury beyond a reasonable doubt, nor admitted by petitioner in support of his guilty plea in violation of the Sixth and Fourteenth Amendments to the United States Constitution.
>
> II. The trial court abused its discretion in denying petitioner's motion for relief from judgment where petitioner was clearly denied his state and federal constitutional rights to due process where his guilty plea was induced on the premise that he would receive 10 to 30 years in prison in exchange for his plea, thus rendering his plea involuntary, unknowing and unintelligent because of the prosecutor's failure to

> honor the agreed to sentence when he argued for an additional 50 points to be scored for offense variable 8, only after obtaining petitioner's plea of guilt.
>
> III. The trial court abused its discretion in denying petitioner's motion for relief from judgment when it completely failed to address petitioner's assertions that he was denied his right to the effective assistance of both sentencing and appellate counsels in violation of Mich Const 1963, Art 1, § 20; and his Sixth and Fourteenth Amendment rights under the United States Constitution.

Respondent has filed an answer to the petition (docket #6). Upon review and applying the AEDPA standards, the court finds that ground one is without merit, and grounds two and three are procedurally barred.

The state prosecution arose from two cases of armed robbery, case numbers 2003-404937 and 2003-411920 respectively. On August 28, 2003, Petitioner got into the passenger seat of a car in a parking lot and demanded money from the driver. When the victim told Petitioner that she did not have any money, he showed her the handgun and later fired the gun into the floorboard of the car to establish that the gun was real. Petitioner demanded that the victim drive to a bank where the two entered and withdrew money. The victim gave the money to Petitioner outside the bank.

The second case of armed robbery took place on August 31, 2003. In this case Petitioner pulled a gun on a clerk behind a counter at a gas station. Petitioner took money and cigarettes from the victim. On February 25, 2004, Petitioner pleaded guilty to both cases of armed robbery. (Plea Tr. Docket #9.) On April 26, 2004, Petitioner was sentenced to 11 years, 3 months to 70 years for his conviction in Case No. 2003-411920 and 15 to 70 years for his conviction in Case No. 2003-404937. (Sentencing Transcript, 30, docket #10.)

In June 2004, Petitioner filed a motion for reconsideration of sentence with the trial court, claiming that the trial court erred in scoring 50 points for offense variable 7 "aggravated physical abuse" and in scoring 15 points for offense variable 8 "victim asportation or captivity." These alleged errors pertained only to Case No. 2003-404937. In an opinion and order dated December 22, 2004, the trial court denied Petitioner's motion for reconsideration of sentence. (Docket #18.)

Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals. His brief raised his first claim for habeas corpus relief. (See Def.-Appellant's Br. on Appeal, docket #11). In an order dated May 11, 2005, the Court of Appeals denied Petitioner's delayed application for lack of merit in the grounds presented. (See 5/11/05 Mich. Ct. App. Opinion ("MCOA Op."), docket #11.)

Petitioner filed an application for leave to appeal to the Michigan Supreme Court. Petitioner claimed that the trial court misapplied MCL 777.37 in regard to the scoring of offense variable 7 at sentencing. By order entered October 31, 2005, the Michigan Supreme Court denied his application for leave to appeal because it was not persuaded that the questions presented should be reviewed. (See Mich. Ord., docket #13.)

In October of 2006, Petitioner filed a habeas petition in this court. In his application for habeas corpus relief, Petitioner asserted the claim that he previously raised in the Michigan Supreme Court. In addition, Petitioner raised for the first time claims attacking his plea agreement. On October 26, 2006, this district court issued an opinion dismissing Petitioner's habeas action pursuant to Rule 4 based on Petitioner's failure to exhaust his state court remedies. *See Walter v. Vasbinder*, 1:06-cv-751 (W.D. Mich. 2006).

In December 2006, Petitioner filed a motion for relief from judgment with the trial court, raising the same claims that Petitioner is now asserting in his application for habeas corpus relief. On January 10, 2007, the trial court issued an order denying Petitioner's motion for relief from judgement. (Docket #19). Petitioner then filed a delayed application for leave to appeal with the Michigan Court of Appeals. In an order dated November 21, 2007, Petitioner's delayed application was denied for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D). (Docket #12). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court. In an order dated May 27, 2008, Petitioner's application was denied for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D). (Docket #14). On June 5, 2008, Petitioner filed the instant habeas corpus application.

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 791 (2001), *cert. denied, Texas v. Penry*, 126 S. Ct. 2862 (June 12, 2006). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). "Yet, while the principles of 'clearly established law' are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (Oct. 9, 2007). The inquiry is "limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time [the petitioner's] conviction became final." *Onifer v. Tyszkiewicz*, 255 F.3d 313, 318 (6th Cir. 2001).

A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision

applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 410.

Where the state court has not articulated its reasoning, the federal courts are obligated to conduct an independent review to determine if the state court's result is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented. *See Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 784 (Jan. 19, 2011) (citing with approval *Harris*, 212 F.3d at 943 n.1). Where the circumstances suggest that the state court actually considered the issue, including where a state court has issued a summary affirmance, the review remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA. *Harrington*, 2011 WL 148587, at *9; *Harris*, 212 F.3d at 943. However, where the state court clearly did not address the merits of a claim, "there are simply no results, let alone reasoning, to which [the] court can defer." In such circumstances, the court conducts *de novo* review. *McKenzie*, 326 F.3d at 727 (limiting *Harris* to those circumstances in which a result exists to which the federal court may defer); *see also Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question); *Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003) (recognizing that *Wiggins* established *de novo* standard of review for any claim that was not addressed by the state courts).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656.

This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989). Applying the foregoing standards under the AEDPA, the court finds that Petitioner is not entitled to relief.

In his first claim, Petitioner challenges the scoring of his sentencing guidelines with respect to Case No. 2003-404937, and asserts that the guidelines range was improperly enhanced. Claims concerning the improper scoring of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citing *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003)). *See also Doyle*, 347 F. Supp. 2d at 485 (a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted). A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Koras,* 123 F. App'x at 213 (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

In its opinion and order denying Petitioner's motion for reconsideration of his sentence, the Berrien County Trial Court stated that testimony on the record supported a finding that Petitioner had terrorized his victim by orally threatening her, by showing her his loaded pistol, and by discharging the weapon into the floorboard of the victim's car. The court stated that this evidence

was clearly sufficient to support the scoring decision for OV 7. With regard to OV 8, the court noted that Petitioner had used a loaded gun to force the victim to transport both of them to a nearby bank. Petitioner then forced the victim to take a cash advance on her credit card. The court concluded that this was sufficient to constitute asportation for purposes of OV 8. (Docket #11, Berrien Co. Trial Court Op. And Order dated December 22, 2004, pp. 2-4.) Petitioner's appeal to the Michigan Court of Appeals was subsequently denied for lack of merit on the grounds presented. (Docket #11, Michigan Court of Appeals Order dated May 11, 2005.) It is clear from the record that Petitioner cannot show that the trial court relied on "extensively and materially false" information that he had no opportunity to refute. *Townsend v. Burke,* 334 U.S. 736, 741 (1948). Accordingly, Petitioner is denied habeas corpus relief with respect to his first claim.

Petitioner's remaining claims that his plea agreement was not knowing or voluntary and that he was denied the effective assistance of counsel are procedurally defaulted. When a state-law default prevents further state consideration of a federal issue, the federal courts ordinarily are precluded from considering that issue on habeas corpus review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). To determine whether a petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the last state court rendering judgment on the claim at issue actually enforced the state procedural rule so as to bar that claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir. 2004); *accord Lancaster v. Adams*, 324 F.3d 423, 436-37 (6th Cir. 2003); *Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001); *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001).

Where a petitioner procedurally defaults his federal claim in state court, the petitioner must demonstrate either (1) cause for his failure to comply with the state procedural rule and actual prejudice flowing from the violation of federal law alleged in his claim, or (2) that a lack of federal habeas review of the claim will result in a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006); *Murray v. Carrier*, 477 U.S. 478, 495 (1986); *Hicks*, 377 F.3d at 551-52. The miscarriage-of-justice exception only can be met in an "extraordinary" case where a prisoner asserts a claim of actual innocence based upon new reliable evidence. *House*, 547 U.S. at 536. A habeas petitioner asserting a claim of actual innocence must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

All three elements of procedural default are satisfied in this case. Petitioner failed to comply with Michigan Court Rule 6.508(D)(3), which provides that a court may not grant relief if the motion for relief from judgment alleges grounds that could have been raised on direct appeal absent a showing of good cause for the failure to raise such grounds previously, and actual prejudice resulting therefrom.

The Michigan appellate courts denied Petitioner leave to appeal with respect to his claims "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." However, in *Guilmette v. Howes*, 624 F.3d 286, 289-90 (6th Cir. 2010), the Sixth Circuit, in an *en banc* decision, held that brief form orders by the Michigan appellate courts invoking MICH. CT. R. 6.508(D) are unexplained orders within the meaning of *Ylst v. Nunnemaker*, 501 U.S. 797 (1991). Such form orders are presumed to uphold or reject the last reasoned decision below. *Id.* (citing *Ylst*, 501 U.S. at 803). As a result, absent an explained decision from some Michigan court applying Rule

6.508(D), the federal court may not invoke procedural default to dispose of a habeas claim that has been rejected by the Michigan courts on the grounds of MCR 6.508(D).

To determine whether Petitioner has been denied relief based on a procedural default, the court must look to the last "reasoned judgment rejecting the [federal] claim." *Ylst*, 501 U.S. at 803. The doctrine is applicable if "the last state court to review [the prisoner's] conviction 'clearly and expressly' relied on [the prisoner's] procedural default in its decision affirming Petitioner's conviction." *Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994). In this case, the last reasoned opinion came from the trial court in the denial of Petitioner's motion for relief from judgment. In that opinion, the trial court noted that Petitioner had failed to establish any actual prejudice in his second issue because the plea agreement on the record did not include any sentence agreement. Petitioner pleaded guilty in exchange for the dismissal of other counts, not for any sentencing recommendation. Both parties were asked to confirm the terms of the agreement. Finally, the court noted that where a sentence recommendation is not part of the agreement, the court is not bound to impose a specific sentence or to allow a criminal defendant to withdraw his plea. (Docket #19, p. 5.) The court also noted that Petitioner's claim for ineffective assistance of counsel fails because Petitioner could not establish any defect in the proceedings that would render his plea involuntary. The court stated:

> This Court need not address Defendant's argument that counsel was ineffective as that issue goes to good cause. Without an error establishing actual prejudice, it is axiomatic that there can be no good cause for failing to raise that error.

(Docket #19, p. 5.)

As set forth above, the court clearly noted that Petitioner was not able to show the requisite cause and prejudice for failing to raise his second and third claims. Therefore, it is clear

that the Michigan state courts invoked the provision of MCR 6.508(D)(3) to procedurally bar the claims brought forth by Petitioner.

Because the elements of procedural default have been satisfied, Petitioner must show "cause" for failure to raise these claims in his appeal of right and "actual prejudice" as a result of the alleged violation of federal law. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). Alternatively, Petitioner must demonstrate that a fundamental miscarriage of justice will occur as a result of the Court's failure to consider the substantive merits of his claim. *Id.*

Constitutionally ineffective assistance of counsel is "cause" for a procedural default, but "[a]ttorney error short of ineffective assistance of counsel...does not and will not excuse a procedural default." *McCleskey v. Zant,* 499 U.S. 467, 494 (1991) (citing *Murray v. Carrier,* 477 U.S. 478, 486-488 (1986). To the extent that Petitioner attempts to establish cause to excuse his procedural default by claiming that his appellate counsel was ineffective for failing to raise his claims in his direct appeal, he does not do so. A criminal defendant does not have "a constitutional right to compel appointed counsel to press non-frivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes,* 463 U.S. 745, 751 (1983). The Supreme Court has also held that "[f]or judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy." *Id.* at 754.

The choice regarding which issues to pursue on appeal is a strategic one that is "properly left to the sound professional judgment of counsel." *United States v. Perry,* 908 F.2d 56, 59 (6th Cir. 1990). The Supreme Court explained: "This process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of

incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray,* 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes,* 463 U.S. 745, 751-752 (1983)).

Petitioner has failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by failing to raise in his appeal those claims that were first raised in his post-conviction motion. Several claims were raised in Petitioner's direct appeal. Petitioner has failed to show that appellate counsel's strategy in presenting such claims and omitting other claims was deficient. Moreover, for the reasons noted by the trial court in denying Petitioner's motion for relief from judgment, Petitioner's defaulted claims lack merit, so that his attorney was not ineffective in failing to raise the claims. *Mead v. Lavigne,* 265 F. Supp 2d 849, 870 (E.D. Mich. 2003).

Therefore, Petitioner has failed to establish cause for his failure to raise his claims in his direct appeal. The Court need not determine whether Petitioner has demonstrated the requisite prejudice, because he has failed to show "cause" for his procedural default. *Willis v. Smith,* 351 F.3d 741, 746 (6th Cir. 2003) (citing *Simpson v. Jones,* 238 F.3d 399, 408 (6th Cir. 2000)). However, for the reasons noted by the trial court in the order denying Petitioner's motion for relief from judgment, Petitioner's second and third claims lack merit. Therefore, Petitioner cannot show that he suffered any prejudice as the result of his attorney's failure to raise these claims in his appeal.

The narrow exception for fundamental miscarriages of justice is reserved for the extraordinary case in which the alleged constitutional error probably resulted in the conviction of one who is actually innocent of the underlying offense. *Dretke v. Haley,* 541 U.S. 386, 388 (2004); *Murray v. Carrier,* 477 U.S. 478, 496 (1986). A claim of actual innocence "requires [the] petitioner to support his allegations of constitutional error with new reliable evidence - whether it be

exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Petitioner has not presented any new evidence in support of a claim of actual innocence; therefore, a miscarriage of justice will not occur as a result of the Court's failure to consider the substantive merits of Petitioner's claims in spite of the procedural default. Accordingly, the undersigned concludes that Petitioner's claims two and three are procedurally defaulted.

For the foregoing reasons, the court will deny Petitioner's application for habeas corpus relief. In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The court concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. As noted above, the scoring

of OV7 and OV8 by the trial court was not an unreasonable determination of the facts and was not contrary to federal law as determined by the Supreme Court of the United States, so that Petitioner's first claim lacks merit. In addition, the court notes that Petitioner procedurally defaulted his second and third claims and cannot show cause for the default or that he was prejudiced. Therefore, the court will deny Petitioner a certificate of appealability.

        A Judgment and Order consistent with this Opinion will be entered.


Dated:     9/1/2011              */s/ R. Allan Edgar*
                                                          R. Allan Edgar
                                                          United States District Judge